942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis De LEON, Defendant-Appellant.
 No. 90-50015.
 United States Court of Appeals, Ninth Circuit.
 Aug. 15, 1991.
 
 Before PREGERSON, REINHARDT and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 ORDER
 
 1
 On April 23, 1991, five days after the memorandum disposition in this case was filed, the Supreme Court issued its decision in California v. Hodari D., 111 S.Ct. 1547 (1991). The Government in its petition for rehearing argues that Hodari D. requires us to reconsider our earlier disposition. The Government contends that the totality of the circumstances, including De Leon's flight, support a finding of reasonable suspicion to support a seizure of De Leon.[1] We grant the Government's petition for rehearing, vacate the memorandum disposition filed April 18, 1991, and affirm.
 
 
 2
 In Hodari D., the Supreme Court held that when a suspect does not yield to a "show of authority," no seizure occurs until he is physically stopped. 111 S.Ct. 1550. Applying the reasoning in Hodari D. retroactively to this case, see United States v. Estrada, 733 F.2d 683, 685 (9th Cir.), cert. denied, 469 U.S. 850 (1984), we find that appellant De Leon was not seized until he was ultimately apprehended, which occurred after he attempted to flee in his van and then by foot. The evasive action De Leon took after the agent signaled him to stop can therefore be considered in determining whether the agent had reasonable suspicion to seize him. Hodari D., 111 S.Ct. at 1552.
 
 
 3
 In addition to De Leon's attempt to flee, Agent Welsh knew a number of facts relevant to the legality of De Leon's ultimate seizure. First, the street on which De Leon was observed, Monument Road, is approximately 40 yards from the Mexican border and is "notorious" for smuggling activities involving both narcotics and illegal aliens. Second, De Leon was driving a van which could be used to transport a relatively large number of persons. Third, Welsh had on prior occasions seen this van parked in the area. Also on prior occasions Welsh had seen the driver of the van (Welsh could not be sure that the driver was De Leon) walk from the house near which the van was parked to another house on the street and converse with individuals who Welsh suspected might be illegal aliens.
 
 
 4
 We conclude that, under the totality of all the circumstances, reasonable suspicion existed to support Agent Welsh's investigatory stop. United States v. Ramirez-Sandoval, 872 F.2d 1392, 1395 (9th Cir.1989).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The Government does not argue, and we do not find, that De Leon's flight standing alone is sufficient to support a finding of reasonable suspicion